By the Court,

Cowen, J.
Jacob Graves being creditor in a judgment against Woodbury, and debtor in a judgment recovered by Woodbury, presents the usual case for a set-off; and it is no objection that the latter judgment is against Jacob Graves and another jointly. (Simson v. Hart, 14 John. 63, 75, and the cases there cited.) It is my duty, therefore, to direct a perpetual stay of Woodbury’s execution on Graves’ entering satisfaction upon his judgment for so much as the judgment against him and Daniel Graves amounts to, unless Pettingal has acquired such a right to the latter judgment as entitles him to object. That he purchased and took an assignment of this *561 judgment for a valuable consideration, even without notice, would form no objection, if the right of set-off existed at the time ; for an assignee takes subject to all equitable as well as legal defences which can be urged against the assignor. (Cooper v. Bigalow, 1 Cowen, 56, 206.) The case of Ramsey's appeal (2 Watts, 228, 230) is referred to as holding a different rule ; but we must follow the case cited from my reports, until we can be brought to see that it was an obvious departure from principle. ■ So far from that,' it accords with the general doctrine. There is no pretence here that Pettingal wanted notice of Jacob Graves’ judgment when the assignment was executed ; and if Graves’ right of set-off had then attached, as against the assignor, the case is identical with that of Cooper v. Bigalow.
I am inclined to think, however, that, under the peculiar circumstances of this case, no right of set-off in any form had attached at the time of the assignment. Clearly no legal right under the statute existed, for the debt due to Jacob Graves severally could not be allowed to compensate a debt due from him and another jointly. (Mont. on Set-off, 23.) His own demand alone was in judgment. Had Woodbury’s been also in judgment when he assigned, a right to set off'would have arisen independently of the statute, on the doctrine peculiar to setting off judgments, under which the courts have not been exact in requiring the mutual debts to be due to and from the same number of persons. The right thus to depart from the general rule, however, never arises till judgment is actually entered on both sides. Here, according to Jacob Graves’ own aEdavit, the demand against him and Daniel was assigned to Pettingal even before the referee had signed his report of the balance due. At that time, there could be no pretence of a right to move summarily for the set-off, (Ex parte Bagg, 10 Wend. 615 ; People v. Judges of Delaware C. P., 6 Cowen, 598.) Though the referee had expressed his opinion, neither of the parties nor even the referee himself was concluded. But it would have been the same thing if the report had been signed. It was still open to revision, if erroneous, on the motion of either party. It was but prima facia *562 evidence of the debt, like the judgment in 6 Cowen, ut supra„ In Garrick v. Jones, (2 Dowl. Pr. Gas. 157,) the party moving had obtained a verdict, which he sought to set off against a judgment in favor of his adversary. The motion was denied on the sole ground that final judgment had not been obtained. (See also Johnson v. Lakeman, id. 646.)
It follows that Pettingal purchased a demand against which no right of set-off existed at the time; and Graves has not shown that he suffered any thing for want of immediate notice of the assignment, if there was such want of notice, which he does not aver. When Pentingal, some years after, perfected the judgment, the demand then for the first time came into a shape which would have subjected it to a set-off; but then, by motion only, even if the right had still continued in Woodbury. Legally and formally it did continue in him; but he had parted with all his equitable right; nothing existed; nothing arose which could be objected against the Woodbury claim when he assigned it; and the judgment upon which the set-off is sought to be raised, was equitably in favor of the assignee. In an equitable sense there never was any judgment in favor of Wood-bury ; therefore nothing to which Graves cotild oppose his demand. The case is, I think, within the principle of Hackett v. Connett, (2 Edw. V. Ch. Rep. 73.) There, the defendant had a demand against the complainant, which was incapable of being countervailed by a set-off, because such demand was unliquidated. Pending suit, he assigned it to Alcock, who obtained judgment; whereupon the complainant filed his bill to compel a set-off of the judgment against previous decrees for costs in his favor on the dismissal of bills filed by Connett. Vice Chancellor M’Coun held that the assignee having taken the demand before any right to set off the decrees existed, had acquired a claim paramount to that of the assignor; and, on that ground, denied the relief prayed for. It is true, that notice of the assignment was, in that case, immediately, and before judgment obtained, given to the complainant. But the only object of such a notice is, to put the debtor on his guard *563 against dealing with the assignor or perhaps obtaining other demands against him on the belief that he still continues the equitable owner. Could it be made apparent that Graves has suffered any injury for want of notice, the question would be different.
Pettingal seems to have fairly obtained an assignment as an indemnity against liabilities for Woodbury, amounting to something near if not quite the balance reported due from J. & D. Graves; and, under the circumstances, I think he is entitled to collect that balance by execution, notwithstanding the cross judgment in favor of Jacob Graves.
Motion denied,